[No. 5003.   Decided July 26, 1904.]

T. K. ROBE, *Appellant*, v. SNOHOMISH COUNTY, *Respondent.*[1]

BRIDGES—NEGLIGENCE—COLLAPSE THROUGH DECAY OF TIMBERS—NOTICE OF DEFECT—DUTY OF COUNTY—INSTRUCTIONS.   In an action against a county for personal injuries caused by the collapse of a bridge through the decay of timbers, an instruction commencing with the statement that the county cannot be held liable unless the authorities had been notified of the defect, is not prejudicial error, where the instructions as a whole properly state the duty of the authorities to exercise care to detect and guard against such defects, and that it was not necessary to prove actual notice, and properly defining constructive notice.

APPEAL AND ERROR—REVIEW—SPECIAL VERDICT—HARMLESS ERROR ON ANOTHER BRANCH OF CASE.   Where a special finding establishes that the county authorities had no notice of defects in a bridge, and there is a general verdict for the county, error committed on another branch of the case is harmless, as the county would not be liable in any event.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered June 5, 1903, upon the verdict of a jury rendered in favor of the defendant. Affirmed.

*Brady & Gay* and *John Francis McLean,* for appellant.
*H. D. Cooley,* for respondent.

FULLERTON, C. J.—The appellant sought by this action to recover damages for personal injuries, and for injuries

[1]Reported in 77 Pac. 810.

to his personal property, caused by the collapse of a bridge over which he was crossing. The bridge was on a public road in the respondent county, and the action was based on the alleged failure of the county to keep the bridge in repair. The defect was found to consist of decayed timbers not visible from a casual inspection of the bridge. The jury, along with a general verdict in favor of the county, returned a special verdict in which they found that the county officers, charged with the maintenance of the bridge, had no knowledge of its defective condition prior to the accident, although they had used due diligence in its care and maintenance. Judgment was entered on the verdict in favor of the county, and this appeal is taken therefrom.

Among other assignments of error, it is contended that the court erred in its instruction to the jury on the question of what constituted notice to the county of the defective condition of the bridge, the contention being that the instructions were conflicting and misleading. On this branch of the case the court gave the following:

"You are instructed that before you can return a verdict in favor of plaintiff upon either of the causes of action set forth in plaintiff's complaint, you must find from a preponderance of the evidence  .  .  .  that the authorities of said defendant county had been notified of such condition for a reasonable time prior to the happening of said accident, or that such bridge had been so notoriously unsafe as to amount to constructive notice to the authorities of said county; and by reasonable time is meant such length of time as would have allowed the repair of said bridge, or prevention of its use, by said county;  .  .  .  that it is the duty of the county not only to construct its bridges in such a manner as that they shall be safe, but to use ordinary care in keeping them in a safe condition for travelers and all persons passing over said bridge, by removing therefrom timbers which by use have become, or may have become, decayed and rotten, and thus rendering the bridge

unsafe and dangerous; that the law charges the county with the knowledge of the natural tendency of timber to decay, and places upon the county the duty of exercising ordinary care to detect and guard against any decay or rottenness that might exist; that a failure to exercise such care upon the part of the county will render the county liable, although it may have no actual notice of the condition of the bridge; that it is not necessary, in order to charge the county with negligence in suffering the bridge in question to remain out of repair, for the plaintiff to prove actual notice of it, but that such notice may be inferred if the defect in the bridge was of such a character, and had continued for such a length of time as that the officers of the county charged with the supervision and repair of the bridges of the county might and probably would have discovered it if they had used ordinary care in the discharge of their duties; that the county is liable in damages if it negligently suffered rotten and decayed timbers to remain' in the bridge in question, thus rendering it unsafe and dangerous."

While it may be true that the first part of this charge could have been more happily expressed, we do not think it wrong when taken in connection with the latter portion, which expresses clearly the measure of the county's duty. It is a familiar rule that instructions must be read as a whole, and, if the whole charge fairly states the law of the case, it will not work a reversal, even though disconnected portions of the charge may state the law too broadly. Tested by this rule, these instructions are not erroneous.

The conclusion reached on this branch of the case renders it unnecessary to notice the assignments of error pertaining to the other branches of the case. It being true that the officials of the county, having in charge the care and maintenance of the bridge, had no notice of its defective condition, and had used due diligence in its care and maintenance, there can be no recovery against the county in any

event, and it is useless to inquire whether the court committed error on a branch of the case which could only be material had it been found that the county was chargeable with notice of such defect.

The judgment is affirmed.

MOUNT, HADLEY, and ANDERS, JJ., concur.