[No. 5002.    Decided April 6, 1905.]

JOE HOWARD, *Appellant,* v. SNOHOMISH COUNTY,
*Respondent.*[1]

BRIDGES—NEGLIGENCE—DAMAGES—ACTION  AGAINST  COUNTY—
NOTICE OF DEFECT—HARMLESS ERROR IN EXCLUDING EVIDENCE.  In
an action against a county for personal injuries sustained through
the collapse of a bridge, it is not reversible error that evidence of
a witness was excluded tending to show actual notice to the county
of the defective condition of the bridge, where it was shown by
other evidence that the defective stringers were placed in the
bridge by the road supervisor, that being actual notice to the
county of the defect.

SAME—DEFENSE  OF  ASSUMPTION  OF  RISKS—PLEADING—CON-
TRIBUTORY NEGLIGENCE IN CROSSING BRIDGE WITH TRACTION ENGINE.
In an action against a county for personal injuries sustained
through the collapse of a bridge, it is not reversible error to
refuse to strike out a defense that the plaintiff assumed the risk
in attempting to cross the bridge with a traction engine, where
the pleading amounted to a statement of facts showing con-
tributory negligence in plaintiff's manner of so doing; although
it contained the words "assumed all risks," and technically as-
sumption of risks is not an issue in such a case.

Appeal from a judgment of the superior court for Sno-
homish county, Denney, J., entered July 9, 1903, upon
the verdict of a jury rendered in favor of the defendant, in
an action for personal injuries sustained through the col-
lapse of a bridge.    Affirmed.

*Brady & Gay* and *John Francis McLean,* for appellant.

PER CURIAM.—This action was brought to recover dam-
ages from Snohomish county for injuries received by plain-
tiff through the collapse of a bridge, upon a highway, in
said county.    The plaintiff was, at the time, upon a trac-
tion engine which was being moved across the bridge.    The

[1]Reported in 80 Pac. 293.

verdict of the jury was for the county. A new trial was denied, and the plaintiff has appealed.

Appellant's injuries arose from the same accident which was involved in *Robe v. Snohomish County,* 35 Wash. 475, 77 Pac. 810. Some of the instructions criticized here were to the same effect as those sustained in the former case. It is urged that the instructions were confusing, conflicting, and misleading. We think as a whole they fairly stated the law applicable to the issues. The issues involved not only the question of a defective condition of the bridge, but also whether appellant properly used it when he attempted to cross it with a traction engine, having in view the common usage in that locality, and the purposes for which the bridge was designed, constructed, and maintained. We believe it would not be profitable to set forth the instructions *in extenso,* which would be necessary if we should discuss in detail the criticisms and suggestions made by appellant.

One of the errors assigned is to the effect that the court refused to permit appellant to prove actual notice to the county of the defective condition of the bridge. This claim of error relates to a single question asked a witness. Appellant sought to show a conversation between the witness and the road supervisor, which it is claimed occurred while repairs were being made upon the bridge, at a time prior to the accident. An objection to this was sustained, on the ground that the placing in the bridge of the alleged defective stringers, under the direct supervision of the road supervisor, was, of itself, actual notice of their condition. We think the court's view was right, and that appellant was not prejudiced by the exclusion of the conversation.

It is further urged that the court erred in refusing to strike the second affirmative defense. This defense was

to the effect that appellant assumed the risk, when he attempted to cross the bridge in a manner involving peculiar and special danger from the unusual manner of locomotion, and extraordinary weight of the traction engine. It is argued that the question of assumption of risk cannot be made an issue in a case of this kind. Technically speaking the argument is, perhaps, correct. But the pleading amounts to a statement of facts bearing upon contributory negligence, and, while the words "assumed all risks" are used, yet the pleading is to the effect that appellant negligently crossed in the manner alleged, and that he took the risk of so doing. It was not error to refuse to strike this defense.

The judgment is affirmed.